**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 8, 2007[*]
Decided March 9, 2007

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 06-2993

| | |
|---|---|
| FREDDIE OLIVER,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>MATTHEW J. FRANK, GARY R.<br>McCAUGHTRY, Warden, and MARK<br>CLEMENTS, Captain,<br>    *Defendants-Appellees.* | Appeal from the United States District<br>Court for the Eastern District of<br>Wisconsin.<br><br>No. 04 C 735<br><br>Lynn Adelman,<br>*Judge.* |

**O R D E R**

Freddie Oliver sued several staff members of the Waupun Correctional Institution in Wisconsin under 42 U.S.C. § 1983, alleging that they failed to protect him from an attack by another inmate and then intentionally deprived him of information necessary to file a grievance regarding the incident. The district court

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

granted the defendants' motion for summary judgment because Oliver failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). We affirm.

Oliver was injured in an altercation with another inmate on March 11, 2004. Wisconsin inmate grievance procedures required Oliver to pursue a grievance of this incident and any associated failure of prison staff within 14 days. *See* Wis. Admin. Code § DOC 310.09(6). On March 16, Oliver wrote to the prison's security director, Marc Clements, requesting the names of the officers on duty in Oliver's area of the prison during the altercation, so that he could name the officers in his grievance. On March 20, Clements wrote back that Oliver could not be provided with that information because he was an inmate, and a family member would have to obtain it for him. On April 22, 28 days after the time limit to file had expired, Oliver filed a grievance that did not name the officers. On April 27, Oliver's wife phoned Clements to obtain the names of the officers on duty. Clements told her that she must put her request in writing to the warden. She did so on May 1, and on May 11, Clements informed her that her request was denied. Clements purportedly told her—contradicting his earlier statement to Oliver—that she could not have the names because if she had them her husband would have access to them, and inmates could not have access to that information. In June, the prison dismissed Oliver's grievance as untimely. There is some dispute as to whether Oliver administratively appealed the untimeliness ruling, but the district court found no record that he did.

Oliver then filed this § 1983 suit, alleging an Eighth Amendment claim for the prison's failure to protect him from the inmate's attack; both substantive and procedural due process claims based on the defendants' withholding of the names of the guards; and state law claims that the defendants were negligent in their duty to protect him and that they conspired to conceal the guards' names from him. The defendants moved to dismiss the complaint for failure to state a claim and to exhaust administrative remedies. Oliver conceded that he did not exhaust his administrative remedies but argued that the defendants should be equitably estopped from making such an argument because they affirmatively interfered with his ability to pursue the grievance procedure, and thus no remedy was available to him. Over the course of further proceedings, the district court allowed Oliver to amend his complaint to add as defendants Clements and the officers on duty at the time of his attack. The court also allowed Oliver to conduct further discovery to develop his equitable estoppel argument. Eventually, however, the district court granted summary judgment for the defendants, finding that Oliver failed to exhaust administrative remedies. Nothing in the record, concluded the court, reflected that the defendants interfered with Oliver's attempt to follow the grievance procedures so as to warrant the application of equitable estoppel.

On appeal, Oliver challenges the district court's grant of summary judgment based upon his failure to exhaust administrative remedies because, he argues, a material factual dispute exists as to whether he exhausted those remedies by filing an administrative appeal of his untimely grievance. But this argument is meritless because whether or not he appealed, his grievance was already untimely. A prisoner must complete all the administrative steps that the prison requires, and he must do so properly. *Woodford v. Ngo*, 126 S.Ct. 2378, 2385-86 (2006). Oliver's untimeliness in filing his grievance more than 14 days after the attack dooms his case, regardless of whether he took a timely administrative appeal. *See McCoy v. Gilbert*, 270 F.3d 503, 510-11 (7th Cir. 2001) (determining that prisoner failed to exhaust administrative remedies when he filed grievance after Bureau of Prison's 20-day limit).

Oliver also argues that equitable estoppel should have been applied because the defendants engaged in affirmative misconduct to prevent him from pursuing his administrative remedies when they caused him to delay filing his grievance through assurances that they would produce the names of the guards.

We have explicitly avoided deciding whether equitable estoppel applies to the exhaustion requirement of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), *see Kaba v. Stepp*, 458 F.3d 678, 687 (7th Cir 2006); *Lewis v. Washington*, 300 F.3d 829, 834 (7th Cir. 2002), and do so again here because Oliver cannot satisfy the elements of equitable estoppel. To establish equitable estoppel, Oliver would have to show: (1) a misrepresentation by the defendants, (2) reasonable reliance on that misrepresentation, and (3) a detriment stemming from that reliance. *Lewis*, 300 F.3d at 834; *see also Powell v. Davis*, 415 F.3d 722, 728 (7th Cir. 2005). Additionally, because the defendants are government actors, Oliver must show affirmative misconduct, which is an affirmative act to misrepresent or mislead. *Lewis*, 300 F.3d at 834. As the district court properly determined, the defendants made no statements that Oliver could reasonably have interpreted as a dispensation from having to file a timely grievance until they provided the guards' names. *See Lewis*, 300 F.3d at 834. Oliver did not show that the defendants ever told him that the names would be provided, that the names had to be included in a grievance, or that an untimely grievance would be excused because of the prison's delay in identifying the guards. Although Clements is purported to have given inconsistent information to Oliver and his wife about obtaining the names of the guards, nothing Clements said should have given Oliver reason to think that he did not have to file a grievance on time. Without evidence of any affirmative misconduct, the equitable estoppel doctrine cannot save Oliver from his failure to exhaust administrative remedies.

For the foregoing reasons, the decision of the district court is AFFIRMED.